```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**CALVIN D. CAMESE,**

                       Petitioner,

        v.                                CASE NO. 05-3483-SAC

**STATE OF KANSAS,**

                       Respondent.


**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. §2254, filed pro se by a prisoner incarcerated in Ellsworth Correctional Facility in Ellsworth, Kansas. The court has examined petitioner's limited financial resources and grants petitioner leave to proceed in forma pauperis in this habeas action.

Petitioner seeks relief on a claim that the sentence imposed in his 2003 conviction violates Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner further argues the upward departure sentencing scheme in the Kansas Sentencing Guidelines Act is unconstitutional.

Comity requires that every claim presented for habeas review under 28 U.S.C. § 2254 have been presented to one complete round of the procedure established by the state for review of alleged constitutional error. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Here, petitioner identifies no appeal in the Kansas courts on the claim asserted in the instant petition, and it appears any resort to the Kansas appellate courts would be now

foreclosed.

Although petitioner has exhausted state court remedies in the sense that no state court remedies are now available, petitioner's failure to comply with state procedural rules in presenting his post-conviction claims to the Kansas Supreme Court constitutes a procedural default of his state court remedies on these claims. As a result, federal habeas review of petitioner's claims is barred absent a showing of cause and prejudice for his default, or that a manifest injustice will result if petitioner's claims are not addressed. *See* Coleman v. Thompson, 501 U.S. 722, 750 (1991) (federal court cannot review claim procedurally defaulted in state court absent showing of either cause and prejudice or a fundamental miscarriage of justice); Schlup v. Delo, 513 U.S. 298, 321 (1995) (fundamental miscarriage of justice standard requires petitioner to make threshold showing of actual innocence).

Ordinarily, the existence of cause for a procedural default depends on whether a petitioner is able to show some objective external factor that impeded his efforts to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). The prejudice prong requires the petitioner to show that he has suffered actual and substantial disadvantage as a result of the default. *See* United States v. Frady, 456 U.S. 152, 170 (1982). The prejudice prong is not satisfied if there is strong evidence of petitioner's guilt. Id. at 172.

To be excused from procedural default on the basis of the fundamental miscarriage of justice exception, petitioner must

supplement his constitutional claim with a colorable showing of factual innocence.  <u>Kuhlmann v. Wilson</u>, 506 U.S. 390, 405 (1991); <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1356 (10th Cir. 1994).

Accordingly, to proceed in this matter, petitioner must demonstrate cause and prejudice for his procedural default, or that a fundamental miscarriage of justice will result if habeas corpus review is denied.  The court grants petitioner the opportunity to make such a showing.

Petitioner's motion for appointment of counsel is denied without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the application for habeas corpus should not be dismissed based on petitioner's procedural default in presenting his claim to the state courts.

**IT IS SO ORDERED.**

DATED:  This 11th day of January 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3